HETZEL *v.* PRINCE WILLIAM COUNTY, VIRGINIA, ET AL.

No. 97–954.   Decided March 23, 1998

PER CURIAM.

A jury in the Eastern District of Virginia found for petitioner Hetzel on her claims against respondent County of Prince William under Title VII of the Civil Rights Act

of 1964, 42 U. S. C. § 2000e *et seq.*, and Rev. Stat. § 1979, 42 U. S. C. § 1983. The District Court reduced the damages from $750,000 to $500,000, on the grounds that one of the claims supporting the award was legally insufficient. On respondents' appeal to the Court of Appeals for the Fourth Circuit, that court affirmed the finding of liability, but held that the damages award was grossly excessive because it was unsupported by the limited evidence of harm presented at trial. *Hetzel* v. *County of Prince William*, 89 F. 3d 169, cert. denied, 519 U. S. 1028 (1996). The court "set aside the damage award and remand[ed] the case to the district court for the recalculation of the award of damages for emotional distress." 89 F. 3d, at 173.

On remand, the District Court recalculated the damages and awarded petitioner $50,000. Petitioner filed a motion for a new trial in which she declined the award. She argued that in reducing her damages, the Court of Appeals in effect had offered her a remittitur, and that she was therefore entitled to a new trial under the Seventh Amendment's guarantee of a right to trial by jury. Respondents agreed that the Court of Appeals' decision functioned as a remittitur, but contended that the decision did not allow petitioner the option of a new trial. In a memorandum opinion, the District Court determined that although the Court of Appeals' mandate clearly reversed the judgment and remanded for recalculation of damages, it did not address the Seventh Amendment issue, which had not arisen until petitioner rejected the recalculated damages award and sought a new trial. Concluding that Circuit precedent was clear that when a court finds a jury's verdict excessive and reduces it, the plaintiff has a right either to accept the reduced award or to have a new trial, the court granted petitioner's motion for a new trial on the issue of damages.

Respondents petitioned the Court of Appeals for a writ of mandamus, contending that the District Court did not have authority under its prior decision to order a new trial. In

an unpublished order, the Court of Appeals granted the petition and stayed the scheduled retrial. It stated that its prior decision had ordered the District Court to recalculate the damages "and to enter final judgment thereon." It also reiterated that pursuant to its earlier mandate, the District Court should closely examine two cases it had previously noted as comparable to what would be an appropriate award in petitioner's case.[1]

Petitioner contends that this action of the Court of Appeals violated her Seventh Amendment right to a jury trial.[2] We agree. The Seventh Amendment provides that "the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U. S. Const., Amdt. 7.

---

[1] After the Court of Appeals issued its mandamus order, the District Court again recalculated the damages and entered judgment for petitioner in the amount of $15,000, which was the greater of the amounts awarded in the two cases noted by the Court of Appeals. Petitioner's appeal from that judgment is pending in the Court of Appeals. We do not think it appropriate to stay our decision, however, since the Court of Appeals, at the time it issued its writ of mandamus, was presented with petitioner's Seventh Amendment claim in the District Court's memorandum opinion granting a new trial.

[2] Respondents argue that we should not consider petitioner's Seventh Amendment claim because she failed to raise it in her prior petition for certiorari. *Hetzel* v. *County of Prince William*, 89 F. 3d 169 (CA4), cert. denied, 519 U. S. 1028 (1996). We think it apparent, however, that petitioner did not raise this claim at that time because she reasonably construed the Court of Appeals' decision as not depriving her of the option of a new trial if she were to reject the remitted damages award. The Court of Appeals' decision ordered only that the judgment be reversed and the case remanded to the District Court for recalculation of damages. 83 F. 3d, at 173. To interpret that decision as precluding the option of a new trial would require petitioner to assume a deviation from normal practice and an action by the Court of Appeals that at minimum implicated constitutional concerns. We agree with the District Court that the original mandate was not so explicit as to compel that interpretation.

In *Kennon* v. *Gilmer*, 131 U. S. 22, 27–28 (1889), the plaintiff won a general damages verdict for $20,000, and the trial court denied a motion for a new trial. On appeal, the Supreme Court of the Territory of Montana reduced the verdict to $10,000 on the grounds that the evidence was insufficient to sustain such a high damages award, and affirmed the judgment for that amount. *Ibid.* This Court concluded that the judgment reducing the amount of the verdict "without submitting the case to another jury, or putting the plaintiff to the election of remitting part of the verdict before rendering judgment for the rest, was irregular, and, so far as we are informed, unprecedented." *Ibid.* It noted that in accord with the Seventh Amendment's prohibition on the reexamination of facts determined by a jury, a court has no authority, upon a motion for a new trial, "according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury." *Id.,* at 29.

In determining that the evidence did not support the jury's general damages award and in ordering the District Court to recalculate the damages, the Court of Appeals in this case imposed a remittitur. The District Court correctly afforded petitioner the option of a new trial when it entered judgment for the reduced damages. The Court of Appeals' writ of mandamus, requiring the District Court to enter judgment for a lesser amount than that determined by the jury without allowing petitioner the option of a new trial, cannot be squared with the Seventh Amendment. See *id.,* at 29–30; see also *Dimick* v. *Schiedt*, 293 U. S. 474, 486 (1935) (reaffirming the practice of conditionally remitting damages, but noting that where a verdict is set aside as grossly inadequate or excessive, both parties remain entitled to have a jury determine the issues of liability and the extent of injury); *Gasperini* v. *Center for Humanities, Inc.*, 518 U. S. 415, 433 (1996) (the trial judge's discretion includes "overturning

verdicts for excessiveness and ordering a new trial without qualification, or conditioned on the verdict winner's refusal to agree to a reduction (remittitur)"); *id.*, at 462–463 (SCALIA, J., dissenting).

Respondents contend that the action of the Court of Appeals here is supported by *Neely* v. *Martin K. Eby Constr. Co.*, 386 U. S. 317, 329–330 (1967). But that case dealt with the application of Federal Rule of Civil Procedure 50(d) in a situation where the Court of Appeals had held that the evidence was insufficient to support a finding of liability. It did not involve overturning an award of damages where the evidence was found sufficient to support a finding of liability.

We therefore grant the petition for certiorari and reverse the judgment of the Court of Appeals issuing a writ of mandamus to the District Court.

*Reversed.*