UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JANICE E. HETZEL,
Plaintiff-Appellee,

v.

COUNTY OF PRINCE WILLIAM; CHARLIE
T. DEANE,                                                           No. 98-1514
Defendants-Appellants,

and

G. W. JONES; C. E. O'SHIELDS,
Defendants.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-94-919-A)

Argued: April 8, 1999

Decided: August 17, 1999

Before ERVIN, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Angela Marie Lemmon, Assistant County Attorney,
Prince William, Virginia, for Appellants. Elaine Charlson Bredehoft,

CHARLSON BREDEHOFT, P.C., Reston, Virginia, for Appellee.
**ON BRIEF:** Sharon E. Pandak, County Attorney, Prince William,
Virginia, for Appellants. John C. Cook, CHARLSON BREDEHOFT,
P.C., Reston, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The County of Prince William ("County") appeals the district
court's award of $14,000 in appellate attorneys' fees to appellant
Janice Hetzel ("Hetzel"). Hetzel won a jury verdict against the County
in a discrimination lawsuit. She subsequently prevailed in the Coun-
ty's appeal of this verdict, although on remand the district court
reduced the damage award significantly. Hetzel and the County have
continued to litigate the court's award of damages, costs, and fees,
including the appellate attorneys' fees at issue in this case. Because
we find no abuse of discretion in the court's appellate attorneys' fee
calculation, we affirm this award.

I.

This case is the latest in a series of appeals arising from one under-
lying action. Hetzel, a Hispanic police officer, alleged discrimination
and sued the County under Title VII of the Civil Rights Act of 1964,
42 U.S.C.A. §§ 2000e - 2000e-17 (West 1994 & Supp. 1999), and 42
U.S.C.A. § 1983 (West 1994 & Supp. 1999). At trial Hetzel prevailed
only on her claim that the county police department retaliated against
her, and the jury awarded Hetzel $750,000 for her emotional distress.
The trial judge reduced this amount to $500,000 and awarded Hetzel
$176,293 in attorneys' fees - the full amount requested - plus certain
costs. The total figure for fees and costs awarded was in excess of
$180,000. See In re Board of County Supervisors of Prince William

2

County, Virginia, 143 F.3d 835, 836-38 (4th Cir. 1998) (summarizing the procedural history of this case and the related appeals).

The first time this case was brought before this Court we vacated both the damages and the attorneys' fees awards as excessive. We then remanded the case to the district court with instructions to recalculate these awards. Rather than petitioning for a rehearing en banc, Hetzel petitioned the Supreme Court for certiorari. The Supreme Court denied this petition.

On remand the district court lowered the damage award to $50,000 and granted Hetzel's motion for a new trial. Soon thereafter the County petitioned this Court for mandamus relief. We granted this petition, staying any trial proceedings and instructing the district court to enter a final judgment on damages in the range of $9,000 to $15,000.

Hetzel appealed our grant of mandamus to the Supreme Court, which reversed our order and held that the Seventh Amendment requires the district court to offer Hetzel conditional remittitur with the option of a new trial. See Hetzel v. Prince William County, Virginia, 523 U.S. 208, 211 (1998)(per curiam). On remand we modified our order accordingly, retaining our original estimate for an appropriate damage award but instructing the district court to offer Hetzel the choice of accepting the reduced award or proceeding to a new trial. See In re Board, 143 F.3d at 842.

In compliance with our order, the district court recalculated Hetzel's damages at $15,000 and awarded Hetzel trial attorneys' fees of $20,000 and appellate attorneys' fees of $14,000. The County appealed these awards.

II.

We review a district court's award of attorneys' fees for an abuse of discretion. See Herold v. Hajoca Corp., 864 F.2d 317, 322 (4th Cir. 1989). We will not reverse such an award unless it is clearly wrong, even though we might have exercised our own discretion quite differently. See Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1359 (4th Cir. 1995).

3

At oral argument before this Court, counsel for the County withdrew the appeal of trial attorneys' fees, citing resource concerns and a desire to avoid further litigation. As a result, the only issue before us is the district court's award of appellate attorneys' fees. The County argues that the district court erred in awarding appellate attorneys' fees to Hetzel, whom the County insists was not the prevailing party on appeal. The County argues further that if appellate attorneys' fees were indeed justified, then the court failed to adjust the award downward to reflect the disparity between the results sought and the results achieved on appeal. See Farrar v. Hobby , 506 U.S. 103, 114 (1992) (stating that the district court should "give primary consideration to the amount of damages awarded as compared to the amount sought") (citation omitted).

As the district court acknowledged, Hetzel was relatively unsuccessful on appeal and eventually saw her original damage award of $750,000 reduced to $15,000. Yet Hetzel's liability verdict was sustained, and she did win a conditional remittitur with the choice of a new trial, if she so desired. This Court's affirmation of Hetzel's retaliation verdict renders her the prevailing party on appeal, notwithstanding the substantial reduction in her damages.

The district court concluded that 55 hours was a reasonable amount of time for Hetzel's attorneys to have spent preparing for the appeal, given that the trial record exceeded 6,000 pages. The County does not contest the district court's use of an hourly rate of $250 per hour in this fee calculation. The court multiplied 55 hours by this hourly rate and rounded the result up slightly to arrive at the $14,000 figure.

With deference to the district court's role as factfinder, we cannot say that the award of appellate attorneys' fees in the amount of $14,000 was an abuse of discretion. The district court's order is therefore

AFFIRMED.

4