10-3925-cv
Brutus v. Silverseal Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand eleven.

Present:
JON O. NEWMAN,
PETER W. HALL,
              *Circuit Judges*.
PAUL G. GARDEPHE,[*]
              *District Judge*.

───────────────────────────────────────

DARLY BRUTUS,

        *Plaintiff-Appellant*,

        v.                                                    No. 10-3925-cv

SILVERSEAL CORPORATION, MICHAEL PRESTIA, and LUIS TEJADA,

        *Defendants-Appellees*.[**]

───────────────────────────────────────

FOR APPELLANT:          CHIDI EZE, Brooklyn, N.Y.

──────────────────

[*] The Honorable Paul G. Gardephe, District Court Judge of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is instructed to amend the caption as set forth above.

FOR APPELLEES:          ALAN G. SERRINS, Serrins & Associates LLC., New York, NY.

Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the District Court is **AFFIRMED**.

We assume the parties' familiarity with the facts procedural history and the issues on appeal, which are many.  Among them, Plaintiff-Appellant Darly Brutus challenges the district court's post-trial order granting Defendant-Appellee Luis Tejada's motion for judgment as a matter of law on the issue of compensatory and punitive damages, vacating the jury's damages award of $80,000 in compensatory damages, and awarding in its place one (1) dollar in nominal damages.  *Brutus v. Silverseal Corp.*, No. 06 Civ 15298 (LAP) (S.D.N.Y. Aug. 31, 2010).  We review *de novo* a district court's decision to grant a motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law.  *Davis v. Rodriguez*, 364 F.3d 424, 431 (2d Cir. 2004).

On appeal, Brutus appears to allude to the well-established rule that a federal court may not unilaterally reduce jury-awarded damages when they are excessive but instead must offer the plaintiff the option of a new trial.  This rule prevents the district court from supplanting the jury's fact-finding with its own.  *See* U.S. Const. amend. VII ("[N]o fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."); *Hetzel v. Prince William Cnty.*, 523 U.S. 208, 211 (1998) (per curiam) (entry of judgment for lesser amount of damages "than that determined by the jury without allowing [plaintiff] the option of a new trial [] cannot be squared with the Seventh Amendment").  The rule, however, is only applicable where there is actually a question of fact for the jury to resolve.

-2-

The case before us is not one in which the district court determined post-trial that the evidence, while supporting damages, was not sufficient to justify the amount of damages awarded by the jury. Rather, in this case, there was simply no evidence the plaintiff was injured. Thus, there was no question of fact regarding compensatory damages to be determined by the jury. The record is clear that Brutus did not present any evidence to the jury that he was injured when Tejada threw the water bottle near him. As the district court noted, Brutus's testimony on this issue was limited to describing how water splashed on his face and his clothes got wet. Brutus did not mention any physical harm, discomfort, or lasting property damage. Nor did he testify that he suffered any psychological effects from the incident—a point readily admitted to the jury by his counsel. Evidence of injury was not necessary to establish Tejada's liability for the respective torts of assault and battery, *cf. Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (providing the elements of "assault" and of "battery" under New York law), but such evidence is required if Brutus is to sustain a claim for compensatory damages caused by the assault and battery, *cf. In re Rothko's Estate*, 43 N.Y. 2d 305, 323 (N.Y. 1977) (compensatory damages cannot be "merely speculative, possible, or imaginary"). Because Brutus adduced no evidence at trial that would allow a reasonable jury to find that he had been injured in any way, there was no question of fact to be determined by the jury with respect to the proper amount of compensatory damages, and Tejada thus was entitled to judgment as a matter of law on that issue. *Cf. Davis*, 364 F.3d at 432 ("Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." (internal quotation marks and alterations omitted)).

-3-

We have considered the remainder of Brutus's arguments raised on appeal and conclude, for substantially the same reasons as those provided by the district court, that they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.


                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK