**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN SLATER, individually and on behalf of the Estate of Beverly Jean Mauck, a deceased person; ALLEN MAUCK, individually; PAMELA MAUCK, individually; RYAN REHBERG, Personal Representative on behalf of the Estate of Brian Mauck, a deceased person, *Plaintiffs-Appellees*, <br><br> v. <br><br> HAROLD W. CLARKE, *Defendant*, <br><br> and <br><br> KEVIN BURKE, individually; RICHARD RANGE, individually; ERIN DONNELLY, individually, *Defendants-Appellants*. | No. 11-35699 <br><br> D.C. No. 3:10-cv-05822-RBL <br><br><br> OPINION |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
October 3, 2012—Spokane, Washington

Filed November 19, 2012

Before: Alex Kozinski, Chief Judge, Morgan Christen, and
Paul J. Watford, Circuit Judges.

Opinion by Judge Christen

**SUMMARY**[*]

**Civil Rights**

Reversing the district court's denial of a motion to
dismiss a civil rights complaint and remanding, the panel held
that government officials are absolutely immune from civil
liability for the decision not to extradite or to request only
limited extradition of a criminal defendant.

The panel held that because the decision whether or not
to extradite a criminal defendant is intimately associated with
the criminal phase of the judicial process, defendants in this
case were entitled to absolute immunity to the extent they
participated in making the extradition decision described in
plaintiffs' complaint.

[*] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

**COUNSEL**

Martha Coakley, Massachusetts Attorney General, Jessica V. Barnett (argued), Assistant Attorney General for defendants-appellants Kevin Burke and Erin Donnelly.

Michael D. Brennan (argued), Timothy M. Burke, Law Offices of Timothy M. Burke, Needham, MA for defendant-appellant Richard Range.

Anna L. Price (argued), John R. Connelly, Jr. and Micah R. LeBank, Connelly Law Offices, Tacoma, Washington for plaintiff-appellee Karen Slater.

John J. Greaney and Karen J. Scudder, Greaney Law Firm, PLLC, Kent, Washington for plaintiffs-appellees Allen Mauck, Pamela Mauck and Ryan Rehberg.

**OPINION**

CHRISTEN, Circuit Judge:

This case requires that we consider whether state officials are absolutely immune from civil liability for the decision not to extradite or to request only limited extradition. Because the decision whether or not to extradite a criminal defendant is intimately associated with the criminal phase of the judicial process, government officials are absolutely immune from suits arising out of their performance of this function.

## I.  FACTS[1]

Daniel Tavares was released from prison by the Massachusetts Department of Corrections in June 2007 after serving over fifteen years in prison for murdering his mother. While in prison in Massachusetts, Tavares joined a white supremacist gang, assaulted and threatened staff and inmates, and made threats against the life of then-Governor Mitt Romney and then-Attorney General Thomas Reilly. Just prior to Tavares's release date, he was arraigned for two incidents involving violent assaults on prison staff. Tavares was subsequently released on his own recognizance. He did not appear for a hearing on the new charges and two warrants for his arrest were issued.

Tavares had traveled to Washington state. Officials from Massachusetts contacted their law enforcement counterparts in Washington and asked them to locate Tavares. The defendant officials, including Erin Donnelly, a Worcester County Assistant District Attorney; Sergeant Richard Range, an employee of the Massachusetts Commonwealth Fusion Center; and Kevin Burke, then Secretary of the Executive Office of Public Safety and Security, knew about Tavares's violent history, his pending criminal charges, and his whereabouts in Washington. The complaint alleges that, after Tavares was found, Donnelly, Range, and Burke decided to request a limited extradition warrant that authorized extradition only from New England states, not from Washington, where they knew Tavares to be located.

In November 2007 Tavares murdered Beverly and Brian Mauck in their home in Washington state. The parents and

---

[1] All facts are taken from the Plaintiffs' complaint.

personal representatives of the victims brought suit against several Massachusetts officials allegedly responsible for not extraditing Tavares in the months prior to the murders.[2] The complaint seeks damages and injunctive and declaratory relief.[3] It alleges that defendants violated the victims' civil rights under 42 U.S.C. §§ 1983 and 1985, and committed acts amounting to negligence and gross negligence. Defendants filed motions to dismiss on the basis of absolute immunity, which the district court denied. Burke, Range, and Donnelly now appeal the denial of their motions to dismiss.

## II. STANDARD OF REVIEW

We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 524-25 (1985) (denial of absolute immunity treated as a "decision 'final' within the meaning of § 1291").

We review a district court's rulings on absolute immunity de novo. *Lacey v. Maricopa County,* 693 F.3d 896, 911 (9th Cir. 2012) (en banc). An official seeking absolute immunity bears the burden of showing that it is justified. *Burns v. Reed*, 500 U.S. 478, 486 (1991). The presumption is that qualified rather than absolute immunity should apply. *Id.* at 486-87. "[A]bsolute immunity is an extreme remedy, and it is justified only where 'any lesser degree of immunity could

---

[2] Plaintiffs voluntarily dismissed defendant Harold W. Clarke and the court granted a motion to dismiss defendant William Lochrie on personal jurisdiction grounds.

[3] The complaint appears to seek injunctive relief only with respect to Defendants Clarke and Burke, "requiring them to implement a formal system for tracking forfeiture of good time credit and extraditing dangerous criminals who flee from Massachusetts to Washington State."

impair the judicial process itself.'" *Lacey*, 693 F.3d at 912 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997)).

## III.    DISCUSSION

The complaint alleges that Burke, Range, and Donnelly all participated in the decision not to extradite Tavares from Washington for prosecution on pending assault charges. Setting aside whether all three defendants actually had the authority to make this decision,[4] the law requires that we look at "the nature of the function performed, not the identity of the actor who performed it." *Kalina*, 522 U.S. at 127 (internal quotations omitted). Functions are prosecutorial in nature and entitled to absolute immunity when they are "'intimately associated with the judicial phase of the criminal process,' in which the prosecutor is acting 'as an officer of the court.'" *Lacey*, 693 F.3d at 912 (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009)). "Absolute immunity also protects those functions in which the prosecutor acts as an 'advocate for the State,' even if they 'involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom.'" *Id.* (quoting *Burns*, 500 U.S. at 486).

It has long been the law of this circuit that a decision whether to prosecute or not prosecute is entitled to absolute immunity. *E.g.*, *Roe v. City and County of San Francisco*,

---

[4] We acknowledge there is some question whether Burke and Range, as executive branch officials who are not prosecutors, had the authority to decide the breadth or scope of an extradition order. *See* Mass. Gen. Laws ch. 276 § 20L(a) (authorizing attorney general or district attorney to provide application to governor regarding extradition decisions). Because the question before us is whether absolute immunity is afforded *for the function* of making an extradition decision, we need not decide whether Burke and Range actually had the authority to make one.

109 F.3d 578, 583 (9th Cir. 1997). The decision whether to extradite, like the decision whether to prosecute, "involve[s] a balancing of myriad factors, including culpability, prosecutorial resources and public interests." *Id.* (internal quotation marks omitted). Here, Tavares had been charged and arraigned so his new criminal case had moved from the investigatory phase to the judicial phase. *Cf. id.* (functions performed during investigatory, as opposed to judicial, phase are not entitled to absolute immunity). The decision whether to extradite him, like the decision whether to prosecute him, was intimately associated with the judicial phase of the criminal process. Indeed, the decision whether to extradite was the next step in the judicial process. Accordingly, whether the decision in this case is characterized as a decision not to extradite, or as a decision to extradite only from a limited area, defendants are entitled to absolute immunity for their participation in that decision.

We acknowledge that cases granting absolute immunity often involve decisions that are subject to judicial oversight, but judicial oversight is not a requirement of absolute immunity. *Compare, e.g.*, *Burns*, 500 U.S. at 496 (initiating prosecutions), *and Imbler v. Pachtman*, 424 U.S. 409, 416, 431 (1976) (presenting false or perjured testimony in court), *and Kalina*, 522 U.S. at 129 (preparing and filing information and motion for arrest warrant), *with Roe*, 109 F.3d at 583, *and Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (prosecutor's *failure* to petition court for inmate's release entitled to absolute immunity). Defendants are entitled to absolute immunity to the extent they participated in making the extradition decision described in plaintiffs' complaint.

**REVERSED AND REMANDED.**