**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY DOWNS, | No. 12-16579 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-00453-JCM-PAL |
| v. | |
| NEVADA TAXICAB AUTHORITY and STATE OF NEVADA, | MEMORANDUM[*] |
| Defendants, | |
| And | |
| MICHAEL FERRIOLO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: O'SCANNLAIN, GRABER, and NGUYEN, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Michael Ferriolo appeals the district court's order denying his motion for summary judgment on the basis of qualified immunity. We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 1291. *See Slater v. Clarke*, 700 F.3d 1200, 1202-03 (9th Cir. 2012) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524-25 (1985)). "When evaluating a denial of summary judgment on the issue of qualified immunity, our review is limited to the 'purely legal issue whether the facts alleged . . . support a claim of clearly established law.'" *Alston v. Read*, 663 F.3d 1094, 1098 (9th Cir. 2011) (ellipsis in original) (quoting *Moran v. Washington*, 147 F.3d 839, 843 (9th Cir. 1998)). We reverse and remand.

1.      Ferriolo is entitled to qualified immunity on Jimmy Downs's Fourth Amendment excessive force claim. On appeal, Downs argues neither that Ferriolo acted with excessive force nor that Ferriolo's conduct violates a clearly established right to be free from excessive force. *See, e.g.*, *Tatum v. City of San Francisco*, 441 F.3d 1090, 1095 (9th Cir. 2006) ("The Fourth Amendment does not prohibit a police officer's use of reasonable force during an arrest." (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

2.      Likewise, Ferriolo is entitled to qualified immunity on Downs's Fourth Amendment false arrest claim. The dispositive question is "whether it is *reasonably arguable* that there was probable cause for arrest" – i.e., "whether

2

reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity." *Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1076 (9th Cir. 2011). Moreover, "the question is whether [the defendant] had probable cause to arrest [the plaintiff] for *any* offense." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012) (citing *Devenpeck v. Alford*, 543 U.S. 146, 152-54 (2004)).

In Nevada, an individual may physically resist arrest only if the officer's use of force is "unlawful and excessive" and only if the arrestee "is facing imminent and serious bodily harm at the hands of the police officer." *Batson v. State*, 941 P.2d 478, 481 n.2, 483 & n.3 (Nev. 1997); *see also State v. Lisenbee*, 13 P.3d 947, 951 (Nev. 2000) ("[T]here is public policy that supports courts of law determining the lawfulness of seizures or arrests rather than by the subjective intent of [arrestees]." (citing Nev. Rev. Stat. § 199.280)).

Downs does not dispute that he physically resisted Ferriolo's attempt to arrest him. Even if Ferriolo's use of force was unlawful, Downs does not contend that it was excessive. Nor does Downs argue that he was facing imminent and serious bodily harm. Accordingly, it is reasonably arguable that there was

3

probable cause for Ferriolo to arrest Downs for a violation of Nevada Revised

Statutes section 199.280.[1]

**REVERSED and REMANDED.**

---

[1] In reaching this conclusion, we do not find that Ferriolo had probable cause to arrest Downs for delaying the investigation or for disobeying Ferriolo's order to come down from the booth. But, as noted above, the question is whether it is reasonably arguable that there was probable cause for arrest for "*any* offense." *Tsao*, 698 F.3d at 1147.