**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BENJAMIN C. OYARZO, | No. 13-16653 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01271-SAB |
| v. | |
| JOSEPH TURNER; DARLENE HUTCHINS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| BENJAMIN C. OYARZO, | No. 14-15253 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01271-SAB |
| v. | |
| TUOLUMNE FIRE DISTRICT, AKA Tuolumne Fire Protection District; KENNETH HOCKETT; TONEY POWERS, | |
| Defendants - Appellees. | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| NICHOLAS HART, | No. 14-16075 |
| | |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01271-SAB |
| | |
| v. | |
| | |
| TUOLUMNE FIRE DISTRICT, AKA Tuolumne Fire Protection District; KENNETH HOCKETT, | |
| | |
| Defendants - Appellees. | |

| NICHOLAS HART, | No. 14-16076 |
| | |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01271-SAB |
| | |
| v. | |
| | |
| KENNETH HOCKETT, | |
| | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 23, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Benjamin Oyarzo and Nicholas Hart appeal a series of district court rulings

in their suit against the Tuolumne Fire District and various fire district officials.

2

For the following reasons, we affirm the district court in part, vacate in part, and remand.

1.      We vacate the district court's grant of summary judgment for the fire district on the claims under California Labor Code section 1102.5. All parties correctly agree that the district court erred in granting summary judgment based on the plaintiffs' failure to exhaust administrative remedies. Administrative exhaustion is not generally required to bring a civil action under the California Labor Code, and the specific section in question imposes no such requirement. Cal. Lab. Code §§ 244(a), 1102.5; *cf. Melgar v. CSK Auto, Inc.*, No. C-13-3769 EMC, 2014 WL 546915, at *4-5 (N.D. Cal. Feb. 7, 2014) (holding that administrative exhaustion is not required for Labor Code cases brought before enactment of section 244(a)). We remand so that the district court may consider in the first instance the defendants' alternative arguments for summary judgment.[1]

2.      We affirm the district court's grant of summary judgment for the fire district on Oyarzo's claim that he was improperly denied an administrative hearing under the California Firefighters Procedural Bill of Rights Act, California Government Code sections 3250-3262. Oyarzo alleged in his complaint and during

---

[1] We therefore deny as moot the defendants' Motion for Judicial Notice of section 1102.5's legislative history.

3

discovery that the fire district violated his procedural rights during an investigation into his tenure as fire chief. Those allegations invoked protections under section 3253. In opposition to summary judgment, Oyarzo shifted his claim and alleged for the first time that his *termination* triggered the right to an administrative appeal under section 3254(b) because it was a punitive action. The district court did not err in refusing to consider the belated claim. *See La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) (holding that a party could not effectively amend a complaint "by raising a new theory . . . in its response to a motion for summary judgment").

3. We affirm the district court's grant of summary judgment for board members Darlene Hutchins and Joseph Turner on Oyarzo's First Amendment claim that they deterred him from protected political activity. In his opposition to summary judgment, Oyarzo stated that his deterrence claim relied on a conversation he had with Turner, in which Oyarzo allegedly stated that he intended to continue pursuing the annexation of additional land into the fire district. But Oyarzo failed to mention the conversation in his complaint or disclose it in response to an on-point interrogatory, revealing it for the first time in a declaration supporting his opposition to summary judgment. The district court excluded the evidence under Federal Rule of Civil Procedure 37(c)(1) and granted summary

4

judgment as a result. We review a district court's discovery sanctions for abuse of discretion. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1105 (9th Cir. 2001). Given Oyarzo's failure to include the relevant conversation in his complaint or disclose it during discovery, the district court did not abuse its discretion in excluding the evidence and granting summary judgment. *See id.* at 1106 ("[W]e give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).").

4.      We affirm the district court's grant of summary judgment for the fire district on Hart's First Amendment claim. Hart argues that the fire district as an entity retaliated against him for engaging in protected political activity. Hart, however, has failed to raise a genuine issue of material fact as to whether board members other than Hockett acted with retaliatory intent. *See Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1239 (9th Cir. 1994).

5.      We vacate the district court's *sua sponte* ruling that fire district board members enjoyed absolute immunity for the board vote that reorganized the district, resulting in Oyarzo's demotion and Hart's termination. A defendant bears the burden to plead and prove an affirmative immunity defense. *See* Fed. R. Civ. P. 8(c)*; Slater v. Clarke*, 700 F.3d 1200, 1203 (9th Cir. 2012). It is therefore improper for a district court to independently raise the issue of absolute immunity and rule

5

on it, at least where a plaintiff has no opportunity to respond. *See generally Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) (observing that a court must afford plaintiffs an opportunity to respond to a district's courts "sua sponte intention" to dismiss a complaint). We remand so the parties may fully address whether the vote in question was a legislative act and therefore conferred absolute immunity on the board members. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998).[2]

6.     We vacate the district court's order reducing the compensatory damages award.  The court erroneously stated that it was acting pursuant to Rule 50 rather than Rule 59, as Hockett had not filed a Rule 50 motion.  The district court also erred in refusing to offer Hart a new trial after vacating the jury's award and substituting nominal damages of $1.  Under the Seventh Amendment, "a court has no authority, upon a motion for a new trial, 'according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury.'" *Hetzel v.*

_____

[2] If the district court concludes that the defendant board members are not entitled to absolute immunity, the court should address the board members' claim of qualified immunity. If the district court determines that the board members are entitled to neither absolute immunity nor qualified immunity, then the court should allow Hart to proceed with his First Amendment retaliation claim that alleges liability for his termination.

*Prince William Cty., Va.*, 523 U.S. 208, 211 (1998) (quoting *Kennon v. Gilmer*, 131 U.S. 22, 29 (1889)).[3]

7.      Finally, we vacate the district court's ruling denying Hart attorney's fees in his action against Hockett. *See* 42 U.S.C. § 1988(b) (providing that a "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in a § 1983 action). Whether a fee award is justified will depend on the result of Hart's new trial on damages.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED[4]**

---

[3] We do not disturb the jury's liability finding that Hockett impermissibly retaliated against Hart before Hart's termination.

[4] Each party shall bear its own costs on appeal.