FILED
United States Court of Appeals
Tenth Circuit

June 21, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

M.G.; L.J.; F.C.; M.C.,

        Plaintiffs - Appellants,

v.

DAVID C. YOUNG; ROBERT T. SMITH; JOSEPH R. HUDSON; MICHAEL CALLAWAY; RAYMOND D. SCHULTZ, in their individual capacities; THE CITY OF ALBUQERQUE,

        Defendants - Appellees.

No. 15-2090

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:13–CV–00023–KG–WPL)

---

Joel M. Young, Albuquerque, New Mexico, for Plaintiffs–Appellants.

Taylor Sauer Rahn of Robles, Rael & Anaya, P.C. (Luis Robles of Robles, Rael & Anaya, P.C., and Stephanie Griffin, City of Albuqerque, with her on the briefs), Albuquerque, New Mexico, for Defendants–Appellees.

---

Before **KELLY, McKAY,** and **LUCERO,** Circuit Judges.

---

**McKAY**, Circuit Judge.

---

Plaintiffs filed a complaint under 42 U.S.C. § 1983 in which they raised various claims relating to their arrests and now-vacated convictions for prostitution. The district court, with a magistrate judge presiding by consent of the parties, dismissed most of Plaintiffs' claims as barred by the statute of limitations and granted Defendants' motion for summary judgment on Plaintiffs' surviving claims of malicious prosecution. Plaintiffs appeal only the grant of summary judgment on their malicious prosecution claims against one Defendant, Mr. David Young.

Mr. Young was employed by the City of Albuquerque as a civilian fleet manager for the police department. Starting in about 2005, he also served as a voluntary reserve officer for the police department. A volunteer reserve officer is a "part-time civilian volunteer who has police authority while on duty and under the supervision of a fulltime officer." (Appellants' App. at 53.)

In separate incidents occurring in 2007 and 2008, Plaintiffs were each arrested by Mr. Young on charges of prostitution after a brief conversation in his unmarked vehicle. Mr. Young then filed criminal complaints and prosecuted misdemeanor prostitution cases against Plaintiffs in municipal court.[1] Each Plaintiff pled guilty to the charges against her.

---

[1] It is apparently routine in Bernalillo County for police officers to prosecute their own misdemeanor cases.

In 2011, an attorney filed a petition for relief from judgment on behalf of Plaintiffs and nine other women who had pled guilty to prostitution after being arrested and prosecuted by Mr. Young. As grounds for relief, the petition claimed that "Petitioners' guilty pleas, convictions, judgment, and sentences . . . were the result of fraud upon the court by an individual named David C. Young who abused and misrepresented his position and authority as an agent of the City of Albuquerque when seizing, detaining, and prosecuting Petitioners in those cases," when he was in fact a volunteer reserve officer who had no authority to make arrests or to prosecute criminal matters on the city's behalf. (*Id.* at 135-36.) The petition further alleged that Mr. Young's misrepresentations about his position and authority, as well as his "lack of credentials necessary to serve as a police officer or prosecutor," constituted exculpatory evidence, caused the criminal proceedings to be "premised on fundamental errors that completely undermine the factual basis for Mr. Young's prosecution of Petitioners," and rendered the guilty pleas and resulting convictions "unknowing, involuntary, and void." (*Id.* at 136.)

Instead of filing a response to the petition, the city entered into a stipulation with the petitioners agreeing that the requested relief should be granted. Thereafter, the state district court entered a short stipulated order in which it "f[ound] that it is appropriate to grant the relief to which the parties have stipulated," i.e., setting aside the petitioners' guilty pleas, vacating and dismissing with prejudice their judgments and sentences, and ensuring that the

court's and the government's records reflected this disposition of their criminal cases. (*Id.* at 142-43.)

Following the dismissal of their criminal cases, Plaintiffs filed this federal § 1983 action in which they alleged, among other claims, that Mr. Young subjected them to malicious prosecution in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

After dismissing Plaintiffs' other claims as barred by the statute of limitations, the district court determined Mr. Young was entitled to summary judgment on Plaintiffs' malicious prosecution claims because they had not met their burden of demonstrating that their criminal cases were terminated in a way that indicated their actual innocence of the charges against them. Plaintiffs now appeal this decision.

We review the district court's grant of summary judgment de novo, applying the same legal standard as that court. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because "[j]ury verdicts may not be based on speculation or inadmissible evidence or be contrary to uncontested admissible evidence," the movant is entitled to judgment as a matter of law if the jury could only reach a verdict in the nonmovant's favor based on such impermissible considerations. *Truck Ins. Exch.*

*v. MagneTek, Inc.*, 360 F.3d 1206, 1216 (10th Cir. 2004).

Under our precedents, a § 1983 malicious prosecution claim includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). To satisfy the second element of this test, the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt. *Id.* at 802-04; *see also Cordova v. City of Albuquerque*, 2016 WL 873347, at *3-6 (10th Cir. Mar. 8, 2016) (rejecting the argument that we should set aside our indicative-of-innocence standard for certain types of dismissals and reiterating that, even where criminal charges were unambiguously dismissed by the criminal court, a malicious-prosecution plaintiff still bears the burden of demonstrating that the dismissal was indicative of innocence). "Where the case is disposed of in a manner that leaves the question of the accused's innocence unresolved, there generally can be no malicious prosecution claim by the accused." *Dobiecki v. Palacios*, 829 F. Supp. 229, 235 (N.D. Ill. 1993).

On appeal, Plaintiffs' main argument is that Mr. Young's misrepresentations about his position and authority constituted material evidence that calls his reliability into question and thus proves their innocence. As an initial matter, we find no legal support for Plaintiffs' argument that evidence going to the reliability of a key witness necessarily proves the accused is actually innocent of the charges against her. Plaintiffs rely on the Supreme Court's statement in *Giglio* that a *Brady* violation justifies a new trial "[w]hen the reliability of a given witness may well be determinative of guilt or innocence." *Giglio v. United States*, 405 U.S. 150, 154 (1972) (citation omitted). However, this statement does not support Plaintiffs' argument: the entitlement to a new trial under *Giglio* simply means that an accused should have the opportunity to argue to a jury that the witness's unreliability creates reasonable doubt regarding the accused's guilt—it does not prove as a matter of law that the accused must be innocent. Thus, the mere fact that Mr. Young's reliability has been called into question does not itself indicate that Plaintiffs must be innocent of the charges against them. Moreover, the key question for us to decide is not whether we ourselves are persuaded that Plaintiffs were actually innocent of the charges against them; rather, we must review the state court's decision to decide whether a reasonable jury could find—based on more than just speculation—that the state court vacated Plaintiffs' convictions for reasons indicative of innocence.

To decide whether Plaintiffs have met their burden of demonstrating a

favorable termination, "we look to the stated reasons for the dismissal [of the criminal proceedings] as well as the circumstances surrounding it in an attempt to determine whether the dismissal indicates [Plaintiffs'] innocence." *Wilkins*, 528 F.3d at 803. In this case, one of the key circumstances surrounding—and indeed triggering—the vacation of Plaintiffs' criminal convictions was the 2011 filing of the petition for relief. Although somewhat unspecific in its legal reasoning, this petition appears to raise several related arguments for vacating the convictions: (1) the petitioners' convictions were void because the criminal charges were filed and prosecuted by an individual who had no prosecutorial authority; (2) the validity of the convictions was undermined because Mr. Young lacked the authority to arrest the petitioners on criminal charges in the first place; (3) the convictions must be vacated because they arose from a fraud on the court by the arresting officer and prosecuting official, who misrepresented his authority to arrest and prosecute individuals for criminal charges; (4) Plaintiffs would not have pled guilty if they had known they might be able to challenge the charges against them on this basis; and (5) Mr. Young's misrepresentations about his position and authority constituted exculpatory evidence that undermined the factual basis for the convictions. Although the petition did not elaborate on this last argument, the state court could presumably have read the petition to make the same argument Plaintiffs raise in this appeal—that Mr. Young's misrepresentations about his position and authority, if known by Plaintiffs at the

time, could have been used to impeach his substantive testimony on the criminal charges against Plaintiffs, and thus made it less likely that the prosecution could have secured convictions against Plaintiffs.

The city responded to the petition by stipulating to the relief requested by Plaintiffs, for reasons that are undisclosed on the record. The state court then accepted the stipulation and stated that it found it appropriate to grant the requested relief, without any explanation of its reasoning.

Thus, there are no "stated reasons" given for the vacation of Plaintiffs' convictions. While the petition provides some evidence of possible reasons why the state court may have found it appropriate to grant the stipulated relief, Plaintiffs have presented no evidence from which a fact-finder could determine which of these possible reasons the state court found persuasive. Contrary to Plaintiffs' argument, the fact that the state court ultimately granted the relief requested in the petition does not prove that the court fully accepted and agreed with every single argument they raised.

Under these circumstances—given the petition's inclusion of both evidentiary and technical grounds for vacating Plaintiffs' convictions, the debatable nature of Plaintiffs' evidentiary argument,[2] the parties' stipulation, and

_____

[2] We do not here decide whether we would reach the same result if Plaintiffs had presented an evidentiary argument to the state court that was based on more than just the withholding of general impeachment evidence.

the state court's acceptance of the stipulation without further discussion or analysis—a reasonable jury could not permissibly find that Plaintiffs met their burden of showing their convictions were vacated in a way indicating their innocence. It is conceivable that the state court was swayed by Plaintiffs' implicit argument that Mr. Young's misrepresentations about his position with the police department constituted such strong impeachment evidence that the factual basis for their pleas was undermined, indicating their actual innocence of the charges against them. However, we cannot make this determination on the basis of the record before us, and a jury could only reach this conclusion through impermissible speculation. The evidence in the summary judgment record simply would not support a finding that the state court's vacation of the charges against Plaintiffs must have been based on concerns about the evidentiary support for these charges, and not on, for instance, the technical argument that a criminal conviction secured by an individual with no prosecutorial authority is void and therefore must be vacated. Since Plaintiffs bear the burden of proof on this point, their inability to demonstrate that their convictions were vacated for reasons indicative of innocence is fatal to their malicious prosecution claims. We thus conclude that the district court did not err in granting Defendants' motion for summary judgment on these claims.

Because we affirm the district court's grant of summary judgment based on Plaintiffs' failure to satisfy the favorable-termination element of the malicious

prosecution test, we need not consider the parties' arguments on the question of probable cause, which is a separate element of the test. Although Plaintiffs contend that we should consider probable cause as part of our analysis of favorable termination, "[t]he favorable termination element and the probable cause element are distinct requirements that a malicious prosecution plaintiff must satisfy to prevail and therefore should not be conflated." *Kossler v. Crisanti*, 564 F.3d 181, 193 (3d Cir. 2009). Plaintiffs' arguments on the question of probable cause are not pertinent to our analysis of whether they have shown that their convictions were terminated for reasons indicative of innocence.

Finally, in urging us to reverse the district court's grant of summary judgment, Plaintiffs rely heavily on several policy arguments. Although we sympathize with Plaintiffs' concerns about possible abuses of police power and authority, we are not persuaded that these concerns require (or permit) us to vary from our settled law on malicious prosecution. Contrary to Plaintiffs' dire warnings, our holding today does not foreclose all possibility of relief in any future case involving a guilty plea or the withholding of material evidence; we simply hold, based on the facts before us, that Plaintiffs in this case have not met their burden of showing that their convictions were vacated for reasons indicative of innocence.

The district court's entry of summary judgment is accordingly **AFFIRMED**.