**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARCUS LESSARD,

    Plaintiff - Appellant,

v.

TRACI CRAVITZ, in her individual and
official capacities; BOULDER POLICE
DEPARTMENT; BOULDER DISTRICT
ATTORNEY'S OFFICE; NATASHA
ANDERSON, f/k/a NATASHA YOUNG,
in her individual and official capacities;
KAREN LORENZ, in her individual and
official capacities; KAREN PETERS, in
her individual and official capacities;
STEVEN LOUTH; LIZ LAFEMINA;
KERRY YAMAGUCHI, in his individual
and official capacities; LAEL
MONTGOMERY, in her individual and
official capacities; THOMAS J.B. REED,
in his individual and official capacities; G.
MULVANEY, in his/her individual and
official capacities; LUCY BATTON, in her
individual and official capacities;
GORDON BROWN, in his individual and
official capacities; CASSANDRA
HENRIKSON, in her individual and
official capacities; ERICA SOLANO, in
her individual and official capacities;
JANE HARMER, in her individual and
official capacities; GORDON COOMBES,
in his individual and official capacities;
MAGGIE GREEN, in her individual and
official capacities; MARK HUSMANN, in
his individual and official capacities;
MARCI LIEBERMAN, in her individual
and official capacities; DONNA TEAGUE,
in her individual and official capacities;

No. 16-1351
(D.C. No. 1:14-CV-03359-CMA-MJW)
(D. Colo.)

TIM JOHNSON, in his individual and
official capacities; STANLEY GARNETT,
in his individual and official capacities;
CITY OF BOULDER; COUNTY OF
BOULDER; GREG TESTA, in his official
capacity,

      Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **MATHESON**, and **McHUGH**, Circuit Judges.
_____

Marcus Lessard appeals from the district court's order dismissing his pro se

civil rights complaint for lack of jurisdiction and for failure to state a claim. We

affirm.

**BACKGROUND**

Mr. Lessard's Second Amended Complaint (Complaint), including

attachments, is 215 pages long and contains 592 separately numbered paragraphs.

The Complaint is supplemented with a "First Supplemental Complaint" alleging

additional facts. We briefly summarize his allegations as follows.

In 2009 and 2010, Mr. Lessard, who lived in Oklahoma, sent about 15 emails

to defendant Liz Lafemina of Boulder, Colorado, a former girlfriend. Although he

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

had not seen her for many years, he sent the emails to give her an "update" and "to ask for 'closure'." R., Vol. II at 539. She did not respond to the emails, but on July 9, 2010, after she complained to Boulder police, Mr. Lessard was arrested for felony stalking.

To procure Mr. Lessard's arrest, Ms. Lafemina allegedly lied about the pattern of contacts, their history together, and his unwanted attention to her. She was purportedly encouraged in these misstatements by defendant Traci Cravitz, a Boulder police officer. The resulting arrest warrant, drafted by Ms. Cravitz and reviewed and authorized by other defendants, was claimed to have contained many fraudulent and factually incorrect statements and omissions. According to Mr. Lessard, there was no probable cause to arrest him on the stalking charge.

Boulder attorney Steven Louth, also named as a defendant, represented Mr. Lessard in connection with the stalking charge and in connection with Ms. Lafemina's application for a protective order. The protective order hearing was heard by the Honorable Thomas J.B. Reed, who is also named a defendant in the Complaint.

Mr. Lessard complains that Judge Reed was biased against him and his attorney and conducted a biased hearing on the application for protective order. He attributes this bias to the fact that Mr. Louth had recently cross-examined the judge's daughter in an unrelated trial. Mr. Louth did not present a case at the hearing, telling Mr. Lessard "it was obvious that the judge had made up his mind already." *Id.* at 585

3

(internal quotation marks omitted). Afterwards, Mr. Louth allegedly deceived Mr. Lessard about his right to appeal the protective order entered by Judge Reed.

The Complaint charges that Mr. Louth pressured Mr. Lessard to plead guilty to the stalking charge. Although Mr. Lessard knew he was not guilty of stalking, Mr. Louth allegedly persuaded him that he would not get a fair trial in Boulder and that he should take a plea agreement. Mr. Lessard was adamant that he would accept a plea bargain only if he was allowed to plead "no contest." Mr. Louth purportedly confirmed that the prosecutor, defendant Natasha Anderson, would agree to a no-contest plea.

When they arrived at the change-of-plea hearing, however, Ms. Anderson and Mr. Louth had a brief conversation, after which Mr. Louth told him that the judge might not accept a no-contest plea. *Id.* at 593. In fact, the Honorable Leal Montgomery, also a defendant in this case, stated she would not accept such a plea. Pressured by his attorney, the judge, the prosecutor, and others, Mr. Lessard agreed to plead guilty to the stalking charge. He received a two-year deferred sentence. The terms of his sentence required him to stay out of Colorado and to attend therapy sessions.

Mr. Lessard thereafter wrote a report detailing the errors committed in his case and sent it to Ms. Anderson, but she took no action to help him. Defendant DA Investigator Donna Teague was also allegedly discouraged from investigating his allegations. Nor did he receive any assistance from the Boulder Police Department's Professional Standards Unit in December 2011 after he mailed them a report about

4

his case totaling over 100 pages.  Defendant Kerry Yamaguchi told him that the Unit could offer him no help.

On November 4, 2012, Mr. Lessard's deferred sentence ended.  At around the same time, he mailed Ms. Anderson and defendant Stan Garnett more information about the alleged lies and errors he had uncovered in his case.  He included a link to his website about the case.  After the expiration of the deferred sentence, the Boulder district attorney's office filed a motion to withdraw Mr. Lessard's guilty plea and to dismiss the case, which was granted in December 2012.  The dismissal mooted Mr. Lessard's motion to vacate his sentence.  Mr. Louth never forwarded Mr. Lessard the court's order of dismissal, and purportedly ignored Mr. Lessard's attempts to obtain his case file.

The Complaint continues with an extended recitation of events that occurred after the expiration of Mr. Lessard's deferred sentence that are not directly related to the 2010 charges.  We summarize them briefly here.

When Mr. Lessard was preparing to file this civil-rights suit, he concluded that proceedings such as hearings and depositions in this case might require him to be in physical proximity to Ms. Lafemina.  In order to facilitate the legal proceedings, he decided that he needed to try to get the protective order vacated.  In April 2013 and December 2013, he filed two motions with the Colorado courts to vacate Ms. Lafemina's protective order for fraud on the court, relying on Colorado Rule of Civil Procedure 60(b)(3).  He served a copy of the motions on Ms. Lafemina by mailing them from Oklahoma to her post office box in Colorado.

The Colorado trial court denied his motions. But in January 2014, Mr. Lessard was arrested and charged with two counts of protective order violation, equivalent to "Class 4 Felony Stalking," for mailing the motions to Ms. Lafemina. He pleaded not guilty to the charges, which remained pending at the time of the Second Amended Complaint and First Supplemental Complaint.

Mr. Lessard complains that pleadings and other information concerning the 2010 case are being used against him in the 2014 proceeding, and that witnesses from the 2010 case have been listed as witnesses in the 2014 proceeding. He alleges numerous other forms of harassment or threats in the 2014 proceeding and in this case, which he claims the defendants are using to intimidate him. But he has also asserted that his references to his 2014 case are made "only for the sake of reference" and "for pattern of practice analysis only." R., Vol. II at 627-28.

The Complaint asserts 19 claims, including malicious prosecution; conspiracy; retaliation; violation of due process; violation of equal protection; and supervisory liability for deliberately indifferent policies, practices, customs, training, and supervision. A federal magistrate judge assigned to the case issued a thorough and well-reasoned recommendation that the defendants' motions to dismiss be granted. After considering Mr. Lessard's objections to the magistrate judge's Report and Recommendation, the district court dismissed the Complaint with prejudice, dismissed the case in its entirety, and denied Mr. Lessard leave to further amend his complaint, finding that further amendment would be futile. Mr. Lessard filed a

"Motion for Reconsideration," which the district court also denied. This appeal followed.

## DISCUSSION

We review the district court's dismissal for lack of subject matter jurisdiction, and its dismissal for failure to state a claim, de novo. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (lack of subject matter jurisdiction); *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1212 (10th Cir. 2017) (dismissal for failure to state a claim). We review the district court's decisions denying Mr. Lessard's motion to reconsider and denying leave to amend for abuse of discretion. *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1196 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1660 (2016).

### 1. Waived Claims

In his objections to the magistrate judge's report and recommendation, Mr. Lessard stated he did not object to the dismissal of Claims 4, 5, 15, and 16 of his Complaint. R., Vol. III at 561. His notice of appeal specifically indicated he was not appealing the dismissal of these claims. *See id.*, Vol. IV at 123. He repeated this concession in his opening brief in this court. Aplt. Opening Br. at 8, 10, 11.

In his reply brief, however, *see* Aplt. Reply Br. at 12, Mr. Lessard has attempted to retract his concession of Claims 4 and 5. He requests that we review the dismissal of these claims for plain error. We decline to do so. Mr. Lessard not only forfeited but explicitly abandoned these claims in the district court, in his notice of appeal, and in his opening brief. *See United States v. Teague*, 443 F.3d 1310, 1314

7

(10th Cir. 2006) ("[A] party that has *forfeited* a right by failing to make a proper objection may obtain relief for plain error; but a party that has *waived* a right is not entitled to appellate relief.").

## 2. Jurisdictionally Based Dismissals

The district court adopted the magistrate judge's recommendation to dismiss the claims against the District Attorney's Office on jurisdictional grounds, finding that it was an instrumentality of the state of Colorado and that claims against it were barred by the Eleventh Amendment. The magistrate judge reasoned that to the extent Mr. Lessard's official-capacity claims against judges could be construed as claims against the Combined Courts for the Twentieth Judicial District, the Eleventh Amendment barred such claims as well. Mr. Lessard fails to show that these defendants or claims were improperly dismissed. *See Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) (district attorney's office in Colorado is entitled to Eleventh Amendment immunity); Colo. Const. art. VI, §1 (vesting power in Colorado General Assembly to create district courts within the Judicial Department of the State of Colorado).

Mr. Lessard correctly states that Boulder County employees sued in their individual capacities are not entitled to Eleventh Amendment immunity. But his individual-capacity claims against these defendants, and for municipal liability against Boulder County, fail for the reasons discussed elsewhere in this order and judgment.

8

### 3. Malicious Prosecution Claims

The district court concluded that Mr. Lessard's malicious prosecution claims failed to state a claim because he did not allege facts showing a favorable termination of the 2010 stalking case. In order to state a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must allege that the original action terminated in his favor. *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016) ("To satisfy the [favorable termination] element . . . , the plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence . . . ."). The dismissal of Mr. Lessard's case upon the expiration of his deferred sentence was not indicative of his innocence.

Mr. Lessard argues that his claim falls within certain exceptions to the favorable termination requirement. He cites exceptions to the procedural bar described in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* applies when a § 1983 plaintiff seeks to recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Such a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

9

Having completed a deferred judgment and sentence under Colorado's deferred-judgment statute, which resulted in the withdrawal of his plea and the dismissal of the criminal charge against him, Mr. Lessard has no existing "conviction" that could be affected by his malicious-prosecution claim. His claims are thus not subject to the *Heck* bar. *Cf. Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1095 (10th Cir. 2009) (holding *Heck* did not bar § 1983 claim claiming plaintiff's signature had been forged on agreement resulting in deferred prosecution, because under Kansas law, there was "no related underlying conviction that could be invalidated by [a] § 1983 [suit]"). We are therefore not concerned with exceptions Mr. Lessard cites that may be used to avoid or qualify *Heck*. He has already avoided that bar.[1]

His challenge is different: he must show a favorable termination that is suggestive *of his innocence*. The completion of his deferred judgment and sentence, with a resulting dismissal, though evading the *Heck* bar, does not meet this standard. *See Land v. Hill*, 644 P.2d 43, 45 (Colo. App. 1981) (holding that vacation of judgment and dismissal of criminal action after guilty plea under Colorado's deferred-judgment procedure did not constitute a "favorable termination" for purposes of malicious prosecution action). Mr. Lessard's decision to plead guilty in exchange for a deferred judgment may have robbed him of his malicious prosecution

---

[1]     Mr. Lessard argues that the recognized exceptions to *Heck* must also apply to the required favorable-termination element of his malicious prosecution claim. He invokes the maxim that every rule has its exception. There may in fact be exceptions to the favorable-termination element of a malicious prosecution claim. But Mr. Lessard fails to show that he falls within any such exception.

claim, but "such trade-offs are a standard feature of malicious prosecution law."

*Cordova v. City of Albuquerque*, 816 F.3d 645, 652 (10th Cir. 2016).

Nor has he shown a favorable termination of the 2014 charges. We take judicial notice that he was convicted on these charges, and that his conviction recently was affirmed by the Colorado Court of Appeals. *People v. Lessard*, No. 16CA0228, 2017 WL 1192232 (Colo. App. Mar. 30, 2017).

We therefore affirm the dismissal of Claims 1, 2, 3, 6, 7, 9, 10, 11, and 19, for failure to allege facts that plausibly show a favorable termination of the proceedings against Mr. Lessard.[2]

### 4. Conspiracy in Violation of Due Process Clause (Claims 8, 13, 14)

In his 8th, 13th, and 14th claims for relief, Mr. Lessard alleges a conspiracy and deprivation under a slightly different theory. He asserts that various defendants deprived him, and conspired to deprive him, of his right to liberty and property and to due process of law.

Although some of the language of these claims suggested that Mr. Lessard could be asserting a violation of his substantive due process rights, he argued in his objections to the magistrate judge's report and recommendation that his due process

---

[2] Our reasoning also applies to his conspiracy-based claims alleging malicious prosecution. *See Kerr v. Lyford*, 171 F.3d 330, 339-40 (5th Cir. 1999) (holding that viability of § 1983-based civil conspiracy claim based on malicious prosecution was contingent on success of underlying malicious prosecution claim), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948-49 (5th Cir. 2003) (en banc); *Holmes v. Finney*, 631 F.2d 150, 153-54 (10th Cir. 1980) (conspiracy-based claims under § 1985(3) and 1983 require the showing of the violation of an underlying federal right).

11

claims should be considered *procedural* due process claims. *See* R., Vol. III at 582.

He repeats that assertion here. Aplt. Opening Br. at 24 ("Lessard's claims were for

procedural due process . . . [and] [t]he [Magistrate Judge's] Recommendation was in

error to hold that [the] claims were for *substantive* due process."). The district court

dismissed the claims because Mr. Lessard failed to "allege[] plausible facts sufficient

to show that he was denied adequate process at any point during his 2010 or 2014

proceedings." R., Vol. IV at 50. Mr. Lessard fails to present a convincing argument

that the district court erred on this point. We therefore affirm the dismissal of these

claims.

### 5. Prosecutorial Immunity (Claim 12).

Claim 12 involves alleged retaliation by prosecutor Johnson against

Mr. Lessard for his exercise of his First Amendment rights. Mr. Lessard claims

Mr. Johnson retaliated against him for seeking an investigation of his 2010 case and

for filing this action. His complaint identifies four specific forms of retaliation:

(1) Mr. Johnson's refusal to allow him to serve a complaint in this action on

Ms. Lafemina; (2) his call for Mr. Lessard's "unnecessary extradition" to Colorado;

(3) his filing a Motion for a Competency Examination of Mr. Lessard in the 2014

criminal proceeding; and (4) "[d]isparaging remarks to [Mr. Lessard] at his status

hearing." R., Vol. II at 688. Mr. Lessard argues that the district court erred in

granting Mr. Johnson absolute immunity for these actions.

"Prosecutors are absolutely immune for those activities intimately associated

with the judicial phase of the criminal process." *Thomas v. Kaven*, 765 F.3d 1183,

12

1191 (10th Cir. 2014) (internal quotation marks omitted). Mr. Johnson's decision to extradite Mr. Lessard was such a prosecutorial activity. *See Slater v. Clarke*, 700 F.3d 1200, 1204 (9th Cir. 2012) (holding that defendants, including assistant district attorney, were "entitled to absolute immunity to the extent they participated in making the extradition decision described in plaintiffs' complaint"). So was his request for a competency evaluation. *Cf. Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987) (psychiatrist appointed by court to conduct a competency examination was performing a function essential to the judicial process and was therefore absolutely immune from liability).

Mr. Lessard eventually obtained district court permission to serve his complaint on Ms. Lafemina. Had he done so without court permission, he would arguably have violated the protective order. We fail to see how preventing Mr. Lessard from violating a protective order can plausibly be described as a retaliatory action by Mr. Johnson.

Finally, the disparaging remarks about Mr. Lessard's civil rights complaint, even if made with retaliatory motive, simply do not rise to the level of a constitutional violation. Notably, Mr. Lessard only assumes that the remarks, which Mr. Johnson allegedly made to a fellow prosecutor, concerned his complaint and were intended for him to hear. *See* R., Vol. II at 620-21 ("Plaintiff and his witnesses would in fact overhear Johnson explain to Cravitz how 'frivolous' some 'lawsuit' was, with Johnson repeating over and over the word 'frivolous'. . . . These words were spoken by Johnson to Cravitz in such a way (i.e. loudly enough) that it seemed

13

as if Johnson WANTED Plaintiff to overhear what was said.").  Such remarks simply do not plausibly state a claim for a constitutional injury.

### 6.  Municipal Liability (Claims 17 and 18).

The Complaint includes two municipal-liability claims against the City of Boulder, Boulder County, the Boulder District Attorney's office, and the Boulder Police Department.  Mr. Lessard alleges these municipal defendants are liable for their employees' violations of his constitutional rights because the moving force behind the violations lay in the municipalities' deliberately indifferent policies, practices, customs, training, and supervision.

"[M]unicipalities and other local government units [are] included among those persons to whom § 1983 applies." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  "[A] local government is liable only when the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Bird v. W. Valley City*, 832 F.3d 1188, 1207-08 (10th Cir. 2016) (emphasis and internal quotation marks omitted).  But "[a]n important caveat to any § 1983 claim is that the plaintiff must still prove a violation of an underlying constitutional right." *Id.* at 1208 (brackets and internal quotation marks omitted).  For the reasons we have already stated, Mr. Lessard has failed to establish that the Complaint states a claim for a constitutional violation against any of the individual defendants who are employees of the defendant municipalities.  The district court therefore properly dismissed his municipal-liability claims.

**7. Leave to Amend Complaint.**

Mr. Lessard challenges the district court's failure to authorize a Third Amended Complaint to amend his Second Amended Complaint and to supplement his First Supplemental Complaint. He contends he should be permitted to cite "additional (and some new) facts" to overcome "the [district court's] ruling that [the Second Amended Complaint] consisted of conclusions only." Aplt. Opening Br. at 7, 45. The inclusion of more facts will not, however, repair the deficiencies of what is already an excessively prolix complaint.[3] As we have shown, most of Mr. Lessard's claims fail because of various immunity doctrines and his failure to demonstrate a favorable termination of proceedings against him. Other claims have been expressly waived or forfeited. He fails to demonstrate that granting him further leave to amend could cure these deficiencies. The district court did not abuse its discretion by denying him leave to amend the Second Amended Complaint.

**8. Other Issues**

Mr. Lessard asserts numerous additional issues involving the district court's alternative reasons for dismissing his complaint. But for the reasons we have already given, the dismissal was entirely proper. Therefore, we need not consider these additional issues.

---

[3] The federal rules require that a complaint must contain "*a short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Mr. Lessard's Second Amended Complaint blatantly and repeatedly violates this rule.

**CONCLUSION**

We affirm the district court's judgment of dismissal. Appellees' motion to supplement the record on appeal is granted. Mr. Lessard's motion for the court to take judicial notice and abate this case is denied.

Entered for the Court

Carolyn B. McHugh
Circuit Judge