FILED
United States Court of Appeals
Tenth Circuit

August 21, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

VICTORIA CARBAJAL; LUIS LEAL,

    Plaintiffs - Appellants,

v.

REBEKAH WATADA,

    Defendant - Appellee.

No. 21-1370
(D.C. No. 1:12-CV-03231-PAB-KLM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **McHUGH**, and **EID**, Circuit Judges.
_____

Appellants Victoria Carbajal and Luis Leal filed a 42 U.S.C. § 1983 action

against Appellee Rebekah Watada[1] under a theory of malicious prosecution.

Initially, the district court granted Watada absolute prosecutorial immunity.  On

appeal, a prior panel of this Court reversed the district court's application of absolute

prosecutorial immunity to Watada and remanded the matter to the district court to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Rebekah Watada was known as Rebekah Melnick earlier in the litigation.  *See Carbajal v. McCann*, 808 F. App'x 620, 626 (10th Cir. 2020).

conduct further proceedings on Watada's immunity claims.  The district court subsequently did so and found that Watada was not entitled to absolute prosecutorial immunity, but instead was entitled to qualified immunity.  Now appealing to this Court again, Appellants challenge the district court's grant of qualified immunity to Watada.  In addition to responding to that argument, Watada argues, as an alternative ground for affirmance, that we should grant her absolute prosecutorial immunity based off of evidence in the record.

We vacate the district court's grant of qualified immunity to Watada.  We reverse the district court's determination on the favorable-termination element of malicious prosecution in light of *Thompson v. Clark*, which was decided while this case was on appeal.  596 U.S. 36 (2022).[2]  *Thompson* clarifies that, contrary to what we have said before, an affirmative indication of actual innocence is not required to establish favorable termination in a malicious-prosecution case.  *Compare id.* at 49, *with Cordova v. City of Albuquerque*, 816 F.3d 645, 650–51 (10th Cir. 2016), *and Wilkins v. DeReyes*, 528 F.3d 790, 803 (10th Cir. 2008).  Given *Thompson*'s redefining of the favorable-termination element of a malicious-prosecution claim, we recognize that our previous decisions in *Cordova* and *Wilkins* have been abrogated.

---

[2] When the Supreme Court clarifies a legal standard, we apply that change to cases that are then pending on appeal, and after *Thompson*, "our precedents applying the favorable-termination element are no longer good law." *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023).  Notably, Carbajal's case was not the only malicious-prosecution case pending on appeal at the time *Thompson* was decided.  As this Court has held in at least two other cases of this nature, a district court now errs by applying pre-*Thompson* precedent on the favorable-termination element of a malicious-prosecution claim.  *See id.*; *Handy v. Dobbin*, No. 21-1418, 2022 WL 5067710, at *3 (10th Cir. Oct. 5, 2022).  This case is no different.

We vacate the district court's finding of qualified immunity, and we reverse the district court's finding that Appellants failed to satisfy the favorable-termination element of their malicious-prosecution claim. And we remand the case to the district court for it to resume its consideration of the three remaining elements of a malicious-prosecution claim that it did not previously consider, so that it may determine whether or not qualified immunity applies. We also reject Watada's alternative ground for affirmance, finding that, consistent with the previous appeal in this case, she is not entitled to absolute immunity. *See Carbajal v. McCann*, 808 F. App'x 620, 640 (10th Cir. 2020).

## I.

In 2011, Appellants were subpoenaed to testify in a state criminal trial scheduled for July 27, 2011. On July 5, 2011, the state court vacated the July 27 trial date. Appellants allege that the subpoenas were not continued. On July 27, Appellee Rebekah Watada, the then-Deputy District Attorney for the Second Judicial District of Colorado, appeared before a different judge than the one assigned to the criminal case and testified ex parte as to the non-appearance of the Appellants for the July 27 trial. The judicial officer issued a warrant to arrest the Appellants for contempt of court. Both Appellants were arrested that day; they were later released on bond. Subsequently, at their hearing on August 8, 2011, Appellants' contempt charges were dismissed, and they were informed of a new jury trial date of November 29, 2011.

On December 11, 2012, the Appellants filed a complaint against Watada and others pursuant to 42 U.S.C. § 1983, alleging that their constitutional rights were

3

violated.  Appellants then proceeded to file three different amended complaints with the district court.  Watada filed a motion to dismiss on June 14, 2013.  On February 20, 2014, the magistrate judge recommended that all claims be dismissed.  The district court accepted the magistrate judge's recommendation on March 31, 2014. Carbajal and Leal appealed to this Court.

This Court affirmed the district court's judgment on all counts except for the application of prosecutorial immunity to dismiss Appellants' malicious-prosecution claim against Watada.  *See id.* at 640.  That panel of this Court, citing the Supreme Court's decision in *Kalina v. Fletcher*, 522 U.S. 118 (1997), specified that prosecutors are not entitled to absolute immunity when they act as witnesses, rather than advocates.  *Carbajal*, 808 F. App'x at 632.  And because Appellants' complaint alleged that Watada provided false testimony to the state court, this Court determined that Watada was not entitled to absolute prosecutorial immunity as the district court had determined.  *Id.*  That panel remanded to the district court for further proceedings on Watada's absolute prosecutorial immunity claim, which the district court duly conducted.

Following this Court's vacation of the dismissal of their malicious-prosecution claim, Appellants filed a Fourth Amended Complaint on November 9, 2020.  Watada filed a motion to dismiss, arguing that she was entitled to absolute or qualified immunity.

The district court, conducting the further proceedings instructed by the previous panel of this Court, found that Watada was not entitled to absolute

prosecutorial immunity because she failed to present definitive evidence contradicting Appellants' allegations that she had in fact testified at the contempt hearing. Taking the complaint as true that Watada testified as a witness, the district court determined that Watada was not entitled to absolute prosecutorial immunity.

However, the district court did find that Watada was entitled to qualified immunity because Appellants' allegations did not support a claim for a constitutional violation. The district court further stated that Appellants failed to demonstrate that the prior proceedings terminated in their favor, explaining that the prosecution's decision not to pursue contempt charges was insufficient to establish favorable termination. Thus, on September 22, 2021, the district court granted Watada's motion to dismiss.

Appellants filed a Motion to Reconsider Dismissal and a Motion for Leave to File an Amended Complaint. The district court denied both motions. Appellants then filed a notice of appeal.

## II.

### A.

We first consider the district court's grant of qualified immunity to Watada. This Court reviews the district court's grant of a Rule 12(b)(6) motion to dismiss de novo. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). When a defendant raises a defense of qualified immunity, "the onus is on the plaintiff to demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was

5

clearly established at the time of the challenged conduct." *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (cleaned up).

The right that Appellants are alleging was violated in this case was their right to be free from malicious prosecution. This Court has stated that a § 1983 malicious-prosecution claim requires a showing that: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) *the original action terminated in favor of the plaintiff*; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Novitsky v. City of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (emphasis added). This appeal concerns only the second element—favorable termination.

The district court granted qualified immunity based on its finding that Appellants could not satisfy the favorable-termination element of their malicious-prosecution claim.[3] We have previously stated that it is "the plaintiff's burden to show that the termination was favorable." *Cordova*, 816 F.3d at 650 (citing *Wilkins*, 528 F.3d at 803). The district court correctly noted that under this precedent of ours, to meet that burden, "a plaintiff must allege facts which, if true, would allow a reasonable jury to find the proceedings terminated 'for reasons indicative of

---

[3] Qualified immunity is appropriately granted if Appellants fail to satisfy *any* of the five elements laid out in *Novitsky* of a § 1983 malicious-prosecution claim. The district court did not consider the third, fourth, or fifth elements of a malicious-prosecution claim in this case because it found that while the Appellants satisfied the first element, they failed to satisfy the second element—favorable termination—of their malicious-prosecution claim.

innocence.'" *Montoya v. Vigil*, 898 F.3d 1056, 1066 (10th Cir. 2018) (quoting *M.G. v. Young*, 826 F.3d 1259, 1263 (10th Cir. 2016)).  But the Supreme Court redefined this element of a malicious-prosecution claim in *Thompson*, so we must assess whether the district court's decision conflicts with the new standard.  596 U.S. at 49. It does.

"We are bound by the precedent of prior panels absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court."  *United States v. Killion*, 7 F.3d 927, 930 (10th Cir. 1993).  Indeed, "[w]hen the Supreme Court speaks, it (of course) supercedes our prior case law."  *Hydro Res., Inc. v. E.P.A.*, 608 F.3d 1131, 1163 (10th Cir. 2010) (en banc) (Gorsuch, J.).  *Thompson* supersedes our opinions in *Cordova* and *Wilkins* that required a plaintiff to show that their criminal proceedings terminated following "an affirmative indication of innocence."  *Thompson*, 596 U.S. at 49.  Instead, the Court explained, "[a] plaintiff need only show that the criminal prosecution ended without a conviction" to satisfy the favorable-termination element. *Id.*  Therefore, as we have previously noted, "our precedents applying the favorable-termination element are no longer good law."  *Shrum v. Cooke*, 60 F.4th 1304, 1311 (10th Cir. 2023); *see Handy v. Dobbin*, No. 21-1418, 2022 WL 5067710, at *3 (10th Cir. Oct. 5, 2022) (recognizing this abrogation of law).  Given *Thompson*'s redefining of the favorable-termination element of a malicious-prosecution claim, we recognize that our previous decisions in *Cordova* and *Wilkins* have been abrogated.

*Thompson* clarifies that an affirmative indication of actual innocence is not required to establish favorable termination.  Per the Court's majority opinion, "the

7

American tort-law consensus as of 1871 did not require a plaintiff in a malicious prosecution suit to show that his prosecution ended with an affirmative indication of innocence," and "the values and purposes of the Fourth Amendment" encourage this result. *Thompson*, 596 U.S. at 48 (internal quotation marks omitted). Moreover, the Court noted that:

> The question of whether a criminal defendant was wrongly charged does not logically depend on whether the prosecutor or court explained why the prosecution was dismissed. And the individual's ability to seek redress for a wrongful prosecution cannot reasonably turn on the fortuity of whether the prosecutor or court happened to explain why the charges were dismissed.

*Id.*

In evaluating the malicious-prosecution claim, the district court explained that "the issue is whether the prosecution's decision not to [pursue contempt charges] constitutes a termination in plaintiffs' favor. The Court finds that it does not." Aplt. App'x at 85. While the Appellants did not show that their criminal prosecutions were dropped due to their actual innocence, they did show that their criminal prosecutions ended without conviction, as the criminal charges against them were dropped. Thus, under the standard set out in *Thompson*, Appellants have established favorable termination, satisfying the second element of their malicious-prosecution claim.

Because the district court concluded its analysis of Appellants' malicious-prosecution claim with its determination that Appellants failed to satisfy the favorable-termination element, we remand the case to the district court for it to resume its analysis of the remaining elements of a malicious-prosecution claim that it

8

did not yet consider, so that it can determine if Watada is or is not entitled to qualified immunity.[4]

## B.

That leaves Watada's argument that we should alternatively affirm the dismissal in this case because she is entitled to absolute prosecutorial immunity. We may affirm a ruling below on any ground supported by the record. *A.M. v. Holmes*, 830 F.3d 1123, 1162 & n.23 (10th Cir. 2016). Even so, we decline her invitation.

When this case was previously on appeal to this Court, the prior panel held that absolute prosecutorial immunity does not apply "to the alleged testimony by prosecutor [Watada]." *Carbajal*, 808 F. App'x at 632. In reversing the district court's grant of absolute prosecutorial immunity to Watada, the previous panel of this Court directed the district court to complete further proceedings to determine, as a factual matter, whether or not the record supports the Appellants' claim that Watada testified as a witness before the state district court. *Id.* at 632 & n.4. On remand, the district court conducted these further proceedings as instructed and made the factual finding that the evidence offered by Watada did not contradict the Appellants' "allegations that [Watada] testified" in state district court, and therefore that Watada was not entitled to absolute prosecutorial immunity. Aplt. App'x at 82.

---

[4] Watada argues that "the record is clear probable cause existed to issue the warrants based on Plaintiffs' failure to appear as required by the subpoenas that were clearly and properly served on Plaintiffs." Aple. Br. at 15. Watada further argues that she did not commit any malicious prosecution. *See id.* We view these questions as germane to the other elements of the malicious-prosecution claim and leave them for the district court to consider on remand.

Watada argues to us that "the record before the State District Court makes clear" to the federal district court that Watada did not serve as a witness before the state district court. Aple. Br. at 18–19. And because she claims she only acted as an advocate, not a witness, she argues that she is entitled to absolute prosecutorial immunity. *Id.*; *see Kalina*, 522 U.S. at 131 (denying absolute immunity for performing a witness function as opposed to an advocate function). The basis for Watada's claim is that she "ask[ed] the [district court] to take judicial notice of" the docket sheet from the state district court proceedings, which she contends shows that she did not act as a witness before the state district court. Aplt. App'x at 80. But the federal district court was unpersuaded, finding "the docket sheet is insufficient to demonstrate that [Watada] did not testify at the [state court] hearing." *Id.* The district court therefore determined that Watada is not entitled to absolute prosecutorial immunity.

We find no reason to question the district court's conclusion that the docket sheet is insufficient to demonstrate that Watada did not testify at the hearing. To begin, Watada provides no "legal argument or authority" that a docket sheet alone could suffice (or has ever sufficed) to show that a prosecutor acted solely in their advocate role. *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992). And even if a docket sheet could have enough detail to make that showing, the district court found that the one at issue here did not. Yet instead of challenging the character of the docket sheet, Watada offers nothing more than conclusory assertions that the

district court's conclusion was wrong.  We decline to consider her conclusory arguments.  *See Leathers v. Leathers*, 856 F.3d 729, 751–52 (10th Cir. 2017).

That being so, nothing undermines the district court's conclusion that the docket sheet is insufficient.  And Watada fails to cite to any other evidence in the record that would support that she did not function as a witness.  *Cf. Kalina*, 522 U.S. at 131.  We therefore decline to affirm the district court on the alternative ground urged by Watada.

## III.

For the foregoing reasons, we REVERSE the district court's finding that Appellants did not satisfy the favorable-termination element of their malicious-prosecution claim.  And we REMAND the case to the district court for it to resume its consideration of the three remaining elements of a malicious-prosecution claim that it did not previously consider so that it may determine whether or not qualified immunity applies.

Entered for the Court


Allison H. Eid
Circuit Judge